NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HMONG I, a fictitious name, on behalf of herself and as representative of members of a class of similarly situated claimants,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>LAO PEOPLE'S DEMOCRATIC REPUBLIC; et al.,<br><br>Defendants-Appellees,<br><br>v.<br><br>UNITED STATES OF AMERICA and CENTRAL INTELLIGENCE AGENCY,<br><br>Movants. | No.    17-16828<br><br>D.C. No. 2:15-cv-02349-TLN-AC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 19, 2018**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: BOGGS,*** PAEZ, and OWENS, Circuit Judges.

Plaintiff brought this action under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), for atrocities allegedly committed by Defendants in Laos as part of a campaign to destroy the Hmong people. Plaintiff appeals the district court's order dismissing her complaint for lack of subject-matter jurisdiction.[1] She challenges the denial of her motion for entry of default judgment and her motion for leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal for lack of subject-matter jurisdiction. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007). We review for abuse of discretion a district court's denial of a motion for leave to amend. *Cafasso, v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

The ATS "provides district courts with jurisdiction to hear certain claims, but does not expressly provide any causes of action." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 115 (2013). We use a two-step framework to analyze ATS claims. *Doe v. Nestle, S.A.*, 906 F.3d 1120, 1125 (9th Cir. 2018).

---

*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] We construe the district court's order filed on August 18, 2017, and the August 18, 2017 Judgment as a dismissal for failure to demonstrate federal jurisdiction under the ATS.

"First, we determine 'whether the [ATS] gives a clear, affirmative indication that it applies extraterritorially.'" *Id.* (quoting *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2101 (2016)). The Supreme Court "already answered that the 'presumption against extraterritoriality applies to claims under the ATS, and that nothing in the statute rebuts that presumption.'" *Id.* (quoting *Kiobel,* 569 U.S. at 124).

"Because the ATS is not extraterritorial, then at the second step, we must ask whether this case involves a domestic application of the statute, by looking to the statute's focus." *Id.* (internal quotation marks and citation omitted). As part of this analysis, we "determine whether there is any domestic conduct relevant to plaintiffs' claims under the ATS." *Id.* (internal quotation marks and citation omitted).

The district court did not err in concluding that the allegations in the original complaint failed to establish subject-matter jurisdiction under the ATS because Plaintiff did not allege any domestic conduct in the initial complaint. *See Kiobel*, 569 U.S. at 124–25; *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 594 (9th Cir. 2014) (noting "[i]f all the relevant conduct occurred abroad, that is simply the end of the matter under *Kiobel*") (citation omitted). Because Plaintiff does not allege facts sufficient to establish federal jurisdiction, the district court could not have granted her default judgment. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Therefore, the district court did not err in denying Plaintiff's motion for entry of default judgment.

The district court did not abuse its discretion in denying leave to file an amended complaint because the additional allegations in the proposed amended complaint are insufficient to establish jurisdiction under the ATS. While the proposed amended complaint includes allegations of domestic conduct, these allegations are not relevant to the alleged claims under the ATS.[2] *See Doe,* 906 F.3d at 1125–26.

AFFIRMED

---

[2] We grant Plaintiff's request for judicial notice of U.S. House of Representatives Bill H.R.4716-Hmong Veterans' Service Recognition Act and US Senate Bill S.1179-Hmong Veterans' Service Recognition Act so far as it pertains to taking judicial notice of the existence of the bills. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).